IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **JUNIOR JEREMIAS KERRY-JUMA,** | * | |
| Petitioner, | * | |
| v. | * | Civil Case No.: SAG-25-04000 |
| **KRISTI NOEM**, *et al.*, | * | |
| Respondents. | * | |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Petitioner Junior Jeremias Kerry-Juma filed a Petition for a Writ of Habeas Corpus ("the Petition") on December 6, 2025, ECF 1, and a motion for temporary restraining order ("TRO") seeking immediate release from custody, ECF 5. The Petition includes three claims: (1) Violation of the Due Process Clause, (2) Violation of the Fourth Amendment, and (3) Violation of 28 U.S.C. § 1361 (Writ of Mandamus). ECF 1. In his motion for TRO, Petitioner asks this Court to "prevent his continued detention, transfer, and removal" from the United States. ECF 5.

This Court held a telephonic motions hearing on December 9, 2025. ECF 10. Based on Respondents' representations at the hearing, the Court allowed Respondents until 5 pm on December 9, 2025 to file supplemental materials, in particular the INTERPOL notice the government cited in support of its actions. Nothing was filed by 5 pm. Instead, at 6:47 pm, the government filed an opposition to the TRO motion, attaching certain exhibits but not the INTERPOL notice. ECF 11. Petitioner thereafter filed a reply memorandum. ECF 12.

For the reasons stated below, this Court need not reach the TRO motion because Petitioner's habeas petition will be GRANTED. He will be ordered released from Respondents' custody subject to the conditions of supervision imposed at his earlier bond hearing.

I. **BACKGROUND**

Petitioner is a citizen of the Dominican Republic. ECF 1 ¶ 1. He entered this country lawfully on July 5, 2020 with a valid B-2 visitor visa. *Id.* He is married to a lawful permanent resident and is seeking an adjustment of status should his spouse be naturalized. *Id.*

Because Petitioner's visitor visa had expired, ICE detained him in May, 2025. *Id.* ¶ 3. On June 18, 2025, an Immigration Judge ("IJ") granted Petitioner's request for bond, and he was released from ICE detention in the Alternative to Detention (ATD) program. *Id.*; ECF 11 at 2. He has been fully compliant with all supervision requirements since his release. ECF 1 ¶ 3. He appeared in immigration court for a preliminary master calendar hearing on December 1, 2025, and his next hearing was set for December 7, 2027. *Id.* ¶ 2.

On December 6, 2025, Petitioner reported as required to the ICE office in Baltimore. *Id.* ¶ 3. Once he arrived, ICE "conducted a criminal records check and determined that Petitioner had an INTERPOL notice stemming from an arrest warrant from the Dominican Republic."[1] ECF 11 at 2. Petitioner was again detained without a warrant and has been held since without any opportunity to challenge his custodial status. ECF 1 ¶ 3.

II. **LEGAL STANDARDS**

Plaintiff presently seeks a writ of habeas corpus, which may issue if a petitioner is in federal custody in violation of the United States constitution or other federal law. 28 U.S.C. § 2241(c)(3). This court is persuaded that Petitioner's substantive and procedural due process rights have been violated by his detention. Respondents did not provide any paperwork substantiating the basis for

---

[1] Plaintiff has not resided in the Dominican Republic for more than five years. It is therefore logical to assume the arrest warrant issued prior to the IJ's granting Petitioner bond less than six months ago.

their detention of Petitioner by the 5 pm deadline set by this court, they still have provided no copy of or specifics about the alleged "INTERPOL notice" on which Petitioner's detention is supposedly premised, and they have not established that they even knew of the INTERPOL notice at the time they ordered Petitioner to report to the ICE office on December 6, 2025 and took him into custody. This Court has no evidence regarding the date of the alleged INTERPOL notice or its contents, and Respondents offer no authority suggesting that ICE or any other government agency can lawfully arrest or detain a person on the basis of an INTERPOL notice alone.

Respondents argue that 8 U.S.C. § 1226(b) provides that DHS "may revoke a bond or parole authorized under [§ 1226(a)], rearrest the alien under the original warrant, and detain the alien." But "[t]he BIA has held that, 'where a previous bond determination has been made by an immigration judge, no change should be made by a District Director absent a change of circumstance.'" *Luna Sanchez v. Bondi*, Civ. No. 25-cv-018888-MSN-IDD, 2025 WL 3191922 (E.D. Va. Nov. 14, 2025) (quoting *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1197 (N.D. Cal. 2017)) (collecting cases). Because Respondents have adduced no evidence substantiating the existence of the INTERPOL notice, at present, they have not demonstrated a change of circumstance and have not presented a record justifying revocation of Petitioner's bond. His arbitrary detention thus violates his right to substantive and procedural due process, and he is entitled to immediate release.[2]

---

[2] Of course, based on their representations that are to date wholly unsubstantiated, Respondents may be able to establish reasons to revoke Petitioner's bond in some future proceedings (ideally ones involving pre-deprivation notice and process). But they have not done so here, rendering his instant detention constitutionally impermissible.

### III. CONCLUSION

For the reasons stated above, Petitioner's Petition, ECF 1, is GRANTED and his Motion for Temporary Restraining Order, ECF 5, is DENIED AS MOOT. Petitioner will be ordered released from detention subject to his existing ICE/ISAP requirements. A separate order follows, which will CLOSE this case.


Dated: December 10, 2025                               /s/
                                                Stephanie A. Gallagher
                                                United States District Judge